**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES HOWARD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIPAN RAJA, et al. )<br>)<br>Defendants. ) | No. 4:23-CV-225 RLW |

**ORDER CONCERNING JURISDICTION**

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Defendants. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id.*

Defendants' Notice of Removal asserts that federal jurisdiction exists based on diversity of citizenship. (ECF No. 1, ¶ 9). The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see* 28 U.S.C. § 1332(a), (c).

Here, Defendants assert that Plaintiff is a resident of Kentucky and Defendant Raja is a resident of California. (ECF No. 1, ¶¶ 2-3). It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, *Sanders*, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) (notice of removal was defective where it failed to specify plaintiff's citizenship when the suit was commenced; allegation that plaintiff was an Arkansas "resident" was inadequate); *Pattiz v. Schwartz*, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. *See, e.g., Black's Law Dictionary* 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); *New Oxford American Dictionary* 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently or on a long-term basis' (emphasis added))." *Reece*, 760 F.3d at 778.

2

Defendants' Notice of Removal is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Defendants are granted seven days to file an amended notice of removal that alleges facts showing complete diversity of citizenship between the parties.

Accordingly,

**IT IS HEREBY ORDERED** that by **March 14, 2023**, Defendants shall file an Amended Notice of Removal that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if Defendants do not timely and fully comply with this Order, this matter will be remanded to the Circuit Court of the City of St. Louis.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of March, 2023.